UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMASEN MORALES,<br><br>    Plaintiff,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>    Defendants. | Case No. 3:17-cv-00979-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 8 |

This wrongful foreclosure action raises a troubling issue of judicial gamesmanship by plaintiff Thomasen Morales and his attorneys. Morales initially filed the case in California Superior Court, and defendants removed it to this Court on the basis of diversity jurisdiction. Dkt. No. 1. The foreclosure involves a residential property located at 132 Irvington Street, Daly City, California, 94014, which is subject to a $524,000 mortgage loan. Dkt. No. 1-1 Exh. A ("Deed of Trust"). In May 2012, defendant Mortgage Electronic Registration Systems, Inc. assigned the deed of trust to its current holder, defendant U.S. Bank National Association ("U.S. Bank"). *Id.* ¶ 19, 21.

In October 2012, Morales filed a voluntary Chapter 13 bankruptcy petition in the Northern District of California. *Id.* Exh. E. Morales received a discharge and bankruptcy proceedings closed in May 2016. In September 2016, defendant Western Progressive, LLC, on behalf of U.S. Bank, recorded a notice of default and election to sell pursuant to the deed of trust. *Id.* Exh. G. The notice states that Morales owed $50,354.01 on the loan and failed to timely pay installments that became due in May 2015.

The complaint alleges wrongful foreclosure and a variety of other state law claims arising out of purported defects in the transfer of the underlying loan and the deed of trust. The property

has not yet been sold. Defendants move to dismiss the complaint for failure to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6). The motion is granted.

**LEGAL STANDARDS**

Straightforward standards govern the application of Rule 12(b)(6). To meet the pleading requirements of Rule 8(a) and to survive a Rule 12(b)(6) motion to dismiss, a claim must provide "a short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

On a motion to dismiss, the Court is limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (internal quotation omitted). The Court may also take judicial notice of undisputed matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Fed. R. Evid. 201).

**DISCUSSION**

The gamesmanship concern arises out of inconsistent representations about the status of the property that Morales and his lawyers have made here and in the bankruptcy court. Defendants rely on these inconsistencies to argue that Morales is judicially estopped from bringing a wrongful foreclosure action because in the bankruptcy proceedings he did not list a potential cause of action concerning the loan, and in fact relied on the loan's validity and enforceability to obtain an order voiding a junior lien on the same property.

Defendants' request that the Court take judicial notice of a number of documents filed in the bankruptcy court proceedings is granted. *See* Dkt. No. 9. Morales concedes that these documents were filed in his bankruptcy proceedings and that they are properly subject to judicial notice. Dkt. No. 17.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). It is invoked not only to prevent unfair disadvantage but also to promote "'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" *Id.* (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). Judicial estoppel operates to "bar litigants from making incompatible statements in two different cases." *Id.* at 783.

The Court's discretion to apply judicial estoppel is informed by whether (1) a party's later position is "clearly inconsistent" with the earlier position; (2) a court has accepted or adopted the party's earlier position; and (3) a party, if not estopped, would obtain an "unfair advantage" relative to the opposing party. *New Hampshire v. Maine*, 532 U.S. 742, 743 (2001). Judicial estoppel may not be proper "when a party's prior position was based on inadvertence or mistake." *Id.* at 753. In our circuit, judicial estoppel may not be applied unless a court actually relied on the earlier inconsistent position. *Hamilton*, 270 F.3d at 783.

"The Bankruptcy Code and Rules impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." *Hamilton*, 270 F.3d at 785 (internal quotation omitted) (emphasis in original). In light of this duty, "the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action. . . . [T]he plaintiff-debtor represented in the bankruptcy case that no claim existed, so he or she is estopped from representing in the lawsuit that a claim does exist." *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013). If "the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy" but fails to identify the potential cause of action as a contingent asset, judicial estoppel may be imposed. *Hamilton*, 270 F.3d at 784.

Courts apply a default "presumption of deliberate manipulation" in the bankruptcy context, "given the strong need for full disclosure in bankruptcy proceedings and the fact that the plaintiff-

3

debtor received an unfair advantage in the bankruptcy court." *Ah Quin*, 733 F.3d at 273. Under this rule, "inadvertence or mistake" is a narrow exception to the application of judicial estoppel that considers only "whether the debtor knew about the claim when he or she filed the bankruptcy schedules and whether the debtor had a motive to conceal the claim. . . . [which is] nearly always present" in bankruptcy proceedings. *Id.* at 271. However, the "*presumption* of deceit" does not apply to a plaintiff-debtor who reopens bankruptcy proceedings to correct her disclosures so that her bankruptcy may be reprocessed. *Id.* at 273 (emphasis in original).

When viewed in light of the *New Hampshire* factors and the presumption of deliberate manipulation in *Ah Quin*, the facts here warrant a finding of judicial estoppel. This wrongful foreclosure action is patently inconsistent with plaintiff's representation during bankruptcy proceedings that the now-disputed loan was a senior security interest over a junior claim for $189,000. Dkt. No. 9 Exh. D. U.S. Bank asserted during bankruptcy proceedings that it was entitled to payments on the loan. Dkt. No. 9 Exh. C (proof of claim submitted by U.S. Bank filed December 2012). The bankruptcy court accepted and relied on the validity and enforceability of U.S. Bank's loan when it voided the junior lien on plaintiff's property, *id.* Exh. E, and also when it ultimately discharged plaintiff's debts. *See Hamilton*, 270 F.3d at 784 (bankruptcy court's discharge of debt provides sufficient basis for judicial estoppel even if discharge is later vacated). Morales finagled an unfair advantage because his failure to disclose his pending claim against U.S. Bank "deceived the bankruptcy court and [his] creditors, who relied on the schedules to determine what action, if any, they would take in the matter." *Id.* at 785.

Plaintiff says that he was unaware that he had a potential claim against U.S. Bank until September 2016, when a forensic mortgage loan auditor issued an audit report. Dkt. No. 16 at 7-8. But that contention is purely an argument by Morales's lawyer and is unsupported by any evidence or allegations in the complaint. And even if plaintiff's alleged lack of knowledge had been adequately pleaded, it is doubtful that that alone could plausibly rise to excusable mistake or inadvertence given the otherwise undisputed circumstances currently before the Court. Morales had plenty of time to investigate the loan. The complaint alleges that the deed of trust was purportedly assigned to U.S. Bank in May 2012 -- several months before Morales filed his

bankruptcy petition and four years before the bankruptcy court ultimately discharged Morales's debts. U.S. Bank filed a proof of claim concerning the loan in December 2012. Significantly, at no point has plaintiff alleged or even suggested that he would be amenable to re-opening proceedings in the bankruptcy court. *See Ah Quin*, 733 F.3d at 272; *Sharp v. Nationstar Mortg.*, LLC, No. 14-CV-00831-LHK, 2015 WL 106844, at *6 (N.D. Cal. Jan. 7, 2015).

The record shows that Morales has taken a position in this case at odds with his successful positions in the bankruptcy court. Consequently, judicial estoppel bars plaintiff's claims as they are currently alleged. The Court does not reach defendants' other arguments for dismissal.

In light of the factors discussed here, the Court has doubts that Morales can save his foreclosure claim through amendment. Even so, he will be allowed a final opportunity to state a plausible claim. An amended complaint is due by **July 16, 2018**.

**IT IS SO ORDERED.**

Dated: June 22, 2018

JAMES DONATO
United States District Judge